IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| AMBER L. LAWTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:16-cv-00521 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff brought this action for review of defendant Nancy A. Berryhill's (the commissioner's) final decision denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under the Social Security Act (the Act). *See* 42 U.S.C. § 405(g) (2012) (authorizing a district court to enter judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security"). The parties filed cross-motions for summary judgment, which the court referred to United States Magistrate Judge Robert S. Ballou for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In his report, the magistrate judge concluded that substantial evidence supported the commissioner's decision. (Dkt. No. 21.)

Lawton timely filed written objections (Dkt. No. 22), and the commissioner filed a response (Dkt. No. 23). After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with applicable law, the court agrees with, and will adopt in full, the magistrate judge's recommendation. Accordingly, defendant's motion for summary judgment will be granted, plaintiff's motion for summary judgment will be denied, and the court will affirm the commissioner's decision.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (Report 2–3, Dkt. No. 21.)

II. DISCUSSION

A. **Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

In order for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). *See also Page v. Lee*, 337 F.3d

411, 416 n.3 (4th Cir. 2003). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id*. Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012) (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008)). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R & R's that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).

**B. Lawton's Objections**

Lawton raises three objections to the report, and all three are the type of "rehashed objections" that the *Heffner* and *Felton* courts concluded could be rejected. *See id.* That is, she made the same arguments in her summary judgment briefing before the magistrate judge. Moreover, the report directly addresses all three contentions.

In her first objection, she argues that the report erred in concluding that the ALJ's evaluation of her mental impairments and resulting limitations in concentration, persistence, or pace were supported by substantial evidence. (Objs. 1–2, Dkt. No. 22.) She argues that the residual functional capacity (RFC) found by the ALJ, which simply limited her to simple work with one to three steps, did not account for his determination that she had mild-to-moderate limitations in concentration, persistence, or pace. (*Id.* at 2.) Thus, she contends, the ALJ

3

erroneously focused on her "ability to perform work and not on her ability to sustain work over the course of an eight hour workday." (*Id.* at 1.) Lawton asserts that the report "attempts to build a logical bridge that the ALJ did not build in his decision." (*Id.* at 2.)

As noted, the court finds that this objection is simply a rehashing of her prior arguments before the magistrate judge, and the court could reject the objection on that basis alone. (*Compare* Objs. 1–3 *with* Pl.'s Mem. Supp. Mot. Summ. J. 21–26, Dkt. No. 15.) In any event, even considering the objection de novo, the court concludes that the magistrate judge's reasoning is correct and that the ALJ's determination on this issue was supported by substantial evidence. Thus, the court adopts the reasoning of the report and overrules this objection.

Similarly, her second and third objections are also a restatement of the same arguments raised before the magistrate judge. In her second objection, she argues that the ALJ erred in not including a limitation in her RFC to account for her use of a cane.[1] (*Compare* Objs. 4 *with* Pl.'s Mem. Supp. Mot. Supp. J. 26–27.) In her third objection, she contends that the ALJ's credibility determination was not supported by substantial evidence. (*Compare* Objs. 4–5 *with* Pl.'s Mem. Supp. Mot. Summ. J. 27–29.) The magistrate judge's report adequately addressed both of these issues and explained why the ALJ's ruling on each was supported by substantial evidence. Reviewing these issues de novo, the court reaches the same conclusion as the magistrate judge, and for the same reasons. Accordingly, these objections are also overruled.

---

[1] The ALJ correctly determined that Lawton's medical records did not reflect that any physician had ever prescribed Lawton a cane. Furthermore, a reported use of an assistive device is insufficient to establish a need for one; the record must contain "an unambiguous opinion from a physician stating the circumstances in which an assistive device is medically necessary." *Johnson v. Berryhill*, No. 2:15-28, 2017 WL 722063, at *9 (W.D. Va. Feb. 23, 2017) (quoting *Tripp v. Astrue*, 489 F. App'x 951, 955 (7th Cir. 2012)). Neither a prescription nor such an opinion exists in the record, and Lawton points to neither. In her objections, though, Lawton complains that she "is without fault that the records lack a copy of [Dr.] Bell's written prescription for a cane." (Objs. 4.) But the ALJ's decision did not rest solely on the lack of a prescription in her records. Instead, both the ALJ and the magistrate judge noted that even if she had been prescribed a cane, the other medical records would not support that use of the cane was a medical necessity "based on the severity of her conditions as shown by the objective medical evidence." (Report 11 (citing R. 24).) Thus, the ALJ adequately explained why he did not include use of a cane in Lawton's RFC.

III.  CONCLUSION

After a de novo review of the record, the court finds that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, this court will overrule Lawton's objections and adopt the magistrate judge's report and recommendation.  The court will therefore grant the commissioner's motion for summary judgment, deny Lawton's motion for summary judgment, and affirm the commissioner's decision.

An appropriate order will be entered.

Entered: March 21, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge